Leonard H. RUBIN, Individually and as father and Next Friend of Deborah Rose Rubin, an infant, and as members of classes

v.

CLASSROOM TEACHERS ASSOCIATION, Individually and as Representatives of all Teachers in Public Schools in Dade County similarly situated, and the Dade County School Board.

The BOARD OF PUBLIC INSTRUCTION OF BROWARD COUNTY, FLORIDA,

v.

The DADE COUNTY CLASSROOM TEACHERS ASSOCIATION, INCORPORATED, a Florida non-profit corporation, and its President, Janet Dean, and its Executive Secretary, Pat Tornillo, Jr.

Civ. No. 68–189.

United States District Court
S. D. Florida,
Miami Division.

Feb. 23, 1968.

Leonard H. Rubin, Miami, Fla., for plaintiff Rubin.

Mendez, Shaw, Marko & Stephany, Fort Lauderdale, Fla., for Board of Public Instruction of Broward County.

Tobias Simon, Miami, Fla., for Dade County Classroom Teachers Ass'n.

Bolles, Goodwin & Ryskamp, Miami, Fla., for Dade County School Board.

### ORDER OF REMAND

CABOT, District Judge.

This is a petition for removal of two state court cases, one being in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, and one in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The petition for removal alleges that this case is being removed under Title 28, U.S.C. § 1443(1). It recites that the defendants will be denied and cannot enforce certain rights in these state court actions.

Notwithstanding these broad allegations and the citation of Title 42, U.S.C. § 1981, it is clear from the petition herein that these causes are not and cannot be removable under the civil rights removal statute, 28 U.S.C. § 1443. As recently stated by the United States Supreme Court in State of Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966):

> On the basis of the historical material that is available, we conclude that the phrase 'any law providing for * * * equal civil rights' [28 U.S.C. § 1443] must be construed to mean any law providing for specific civil rights

stated in terms of *racial equality*. Thus, the defendants' broad contentions under the first amendment and the due process clause of the fourteenth amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of *racial equality* that § 1443 demands. [Emphasis supplied.]

See also City of Greenwood, Mississippi v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

Notwithstanding petitioners' citation of 42 U.S.C. § 1981, they have not alleged and could not allege any rights denied to them which are enjoyed by white citizens.

Furthermore, petitioners' allegations of hostility, etc., with reference to the state court judges is of no aid to removal for, as stated by the United States Supreme Court in City of Greenwood, Mississippi v. Peacock, supra, 384 U.S. at 828, 86 S.Ct. at 1812, "[t]he civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial." Accordingly, it is

Ordered and adjudged:

1. That the case of Leonard H. Rubin, individually and as father and next friend of Deborah Rose Rubin, an infant, and as members of classes, v. Classroom Teachers Association, individually and as representatives of all teachers in public schools in Dade County similarly situated, and the Dade County School Board, and the case of The Board of Public Instruction of Broward County, Florida, v. The Dade County Classroom Teachers Association, Incorporated, a Florida non-profit corporation, and its President, Janet Dean, and its Executive Secretary, Pat Tornillo, Jr., are hereby remanded to their respective state courts.

2. That petitioners' bond for removal be and the same is hereby discharged.